United States District Court
Southern District of Texas

**ENTERED**

June 19, 2018

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEYLIN W. ALFORD, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-CV-02751 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice–Correctional | § | |
| Institutions Division, | § | |
| *Respondent.* | | |

## MEMORANDUM AND RECOMMENDATION

Weylin W. Alford's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation. (Dkt. 4). The court recommends that respondent's motion for summary judgment (Dkt. 14) be granted and the petition be dismissed without prejudice to allow Alford to exhaust his claims.

## Background

Alford's petition is confusing, at times contradictory, and occasionally incorrect.[1] It identifies two separate convictions and asserts four grounds for relief, but fails to explain which complaint applies to which conviction. Alford also states that he is challenging a disciplinary proceeding, as well as making an "other" challenge, but neither discusses the disciplinary proceeding nor explains any other specific challenge he is making. After a close review of the petition and the factual allegations asserted, it is apparent that Alford is, in fact, challenging only his most recent conviction in this

---

[1] Alford claims to have an appeal pending challenging his conviction(s) under Cause No. 4:16-CV-2361. (Dkt. 1, p. 12). That was actually an appeal of the dismissal of a § 1983 claim challenging the conditions of his confinement, not a challenge to his conviction(s). It has been dismissed for failing to timely file a notice of appeal.

petition. Because of that, it is only necessary to discuss his conviction for aggravated assault on a public servant.[2]

The incident occurred when he attacked a detention officer using a homemade knife while he was incarcerated for an earlier conviction of burglary. At trial before the same judge who presided over the burglary conviction, Alford informed the court that he wished to represent himself. *Alford v. The State of Texas*, Cause No. 01-15-00226-CR, 2016 WL 4485351, *1 (Tex.App.—Houston [1st Dist.] 2016, pet. ref'd) (not designated for publication) ("Alford II"). The court denied his request because, while was representing himself in the burglary trial, Alford was caught with a homemade knife in the holdover cell, and admitted to carrying the knife into the courtroom.[3] *Id.* The court, at that time, revoked his ability to represent himself in that trial, appointed counsel to represent him, and ordered him shackled for the remainder of the trial. *Id.* at *2; *Alford v. The State of Texas*, Cause No. 01-14-00822-CR, 2015 WL 5026147, *1 (Tex.App.—Houston [1st Dist.] 2015, pet. stricken) (not designated for publication) ("Alford I"). In the subsequent trial for aggravated assault, the court rejected his request to represent himself.

---

[2]   The other conviction listed by Alford is for felony burglary of a habitation with intent to commit assault. Alford appealed that conviction, *Alford v. The State of Texas*, Cause No. 01-14-00822-CR, 2015 WL 5026147 (Tex.App.—Houston[1st Dist] 2015), *pet. stricken* 2016 WL 922154, and filed two writs of habeas corpus in the state court.

[3]   In his explanation of the facts supporting his claim for a violation of the right to self representation, Alford argues, "How does a **prior criminal litigation** hold the Defendant up from his 'Right of Self Representation.'" It is from this statement that the court concludes that Alford is challenging the court's rejection of his request to represent himself in the aggravated assault claim. In the earlier burglary trial, Alford did represent himself until he was found to have a homemade knife in the courthouse.

A jury found Alford guilty as charged, and he was sentenced to thirty-five years' confinement. The First Court of Appeals for Texas affirmed the conviction denying his sole point of appeal—the court's decision to deny him the right to represent himself. *See, Alford II* at \*6. The Texas Court of Criminal Appeals refused his petition for discretionary review on February 1, 2017. Although Alford filed two applications for writ of habeas corpus challenging his burglary conviction,[4] he has not filed a state application for writ of habeas corpus challenging the aggravated assault conviction.

**Analysis**

Alford asserts four grounds for relief: 1) denial of the right to self representation; 2) ineffective assistance of counsel; 3) insufficient evidence; and 4) witness perjury. Respondent does not contend that Alford's petition is successive or barred by the statute of limitations. Respondent argues, instead, that Alford has filed a "mixed" petition because claims 2-4 have not been exhausted, and the petition should be dismissed in its entirety.

### *Legal standards*

Alford's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

---

[4] Both applications were dismissed by the Texas Court of Criminal Appeals. The first was dismissed because his direct appeal was still pending, the second because he did not comply with TEX.R.APP.P. 73.1.

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United State; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is not satisfied, therefore, where the petitioner presents new legal theories or factual claims in his federal habeas petition. *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005) (citation omitted). A district court should dismiss an entire federal habeas application when the petitioner's state remedies have not been exhausted as to all claims raised in the federal petition. *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012) (citing *Graham v. Johnson*, 168 F.3d 762, 778 (5th Cir. 1999)).

### *Alford has not Exhausted his Claims*

Of the four grounds asserted in his petition, Alford has presented only one to the state court to consider. Alford appealed the denial of his right to represent himself, and requested review by the Court of Criminal Appeals. Accordingly, he has properly exhausted that claim. He has not, however, presented any of the other three grounds raised in this petition to the state court. At this time, there remains an "available State

corrective process" for at least two of Alford's remaining three claims.[5] Alford's

complaints of ineffective assistance of counsel and violation of due process because

perjured testimony was introduced at trial are properly raised through a direct appeal or

through the habeas process at the state level.   *Ex Parte White*, 160 S.W.3d 46, 49, fn.1

(Tex. Crim. App. 2004) (noting that ineffective assistance claims are most effectively

raised in habeas proceedings); *Ex parte Napper*, 322 S.W.3d 202, 244 (Tex. Crim. App.

2010) ("For habeas corpus proceedings involving the unknowing use of perjured

testimony, the harm standard would be preponderance of the evidence, as we have stated

above."). Although the deadline to appeal his conviction has passed, Alford can still raise

these contentions through the habeas process in state court. Because Alford has filed a

"mixed" petition that contains both exhausted and unexhausted claims, dismissal of all

claims is appropriate to allow him exhaust all of his claims. *Rose v. Lundy*, 455 U.S. 509,

519 (1982).

## Conclusion and Recommendation

For the reasons stated above, the court recommends that Alford's petition filed

pursuant to 28 U.S.C. § 2254 be dismissed without prejudice to petitioner.

Alford has not made a substantial showing that he was denied a constitutional right

or that it is debatable whether this court is correct in a procedural ruling. *Slack v.*

---

[5]

 Alford's claim there is insufficient evidence to support the verdict is most likely procedurally defaulted. A claim of insufficient evidence cannot be raised in a state habeas. *See Ex Parte Reed,* 402 S.W.3d 39, 42 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (*citing Ex parte McLain,* 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (*en banc*) ("Among those claims which are not cognizable by way of post[-]conviction collateral attack is a challenge to the sufficiency of the evidence.")).

*McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 18, 2018.


Stephen Wm Smith
United States Magistrate Judge